[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-11480

_____

BIA No. A77-479-969

FANERY YUSTI-MAYOR,

                                                                Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(May 27, 2005)

Before CARNES and COX, Circuit Judges, and STROM*, District Judge.

PER CURIAM:

_____

  * Honorable Lyle E. Strom, United States District Judge for the District of Nebraska,
sitting by designation.

Fanery Yusti-Mayor petitions this Court for review of the Board of Immigration Appeals' decision denying her motion to reopen her removal proceedings. Because we conclude that the BIA's decision comported with the applicable law and is supported by substantial evidence, we deny the petition.

## I.

Yusti-Mayor is a Colombian national who entered the United States as a nonimmigrant visitor in July of 1996. On February 4, 1999, she was personally served in New Orleans, Louisiana with a notice to appear at a removal hearing. After being served, she was released on her own recognizance by the INS.[1] As a condition of her release, Yusti-Mayor was required to attend all INS proceedings against her, secure written permission from the INS before changing her place of residence, and report to the District Director of the INS on the second Tuesday of every month. She concedes that she was aware of those obligations. Yusti-Mayor's removal hearing was held on July 6, 1999. She failed to attend and was ordered to be removed in absentia.

In 2001, Yusti-Mayor married Jorge Garcia, an American citizen. She applied to have her immigration status adjusted to that of permanent resident.

---

[1] After this case commenced, the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, abolished the INS and transferred its functions to the newly created Department of Homeland Security. For consistency's sake, we will continue to refer to the agency as the INS.

During an adjustment interview in July 2002, an INS examiner advised Yusti-Mayor that a removal order had been entered against her. Because the removal order had been issued, jurisdiction over her case remained with the Immigration Judge.

On December 12, 2002, Yusti-Mayor filed a motion to vacate the removal order and to reopen her immigration proceedings. She requested that the proceedings against her be reopened because she had not received sufficient notice of her removal hearing and because her failure to appear should be excused because of exceptional circumstances. The Immigration Judge denied Yusti-Mayor's motion to reopen. The BIA affirmed and adopted the IJ's decision. Yusti-Mayor then petitioned this Court for review.

## II.

We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion. Immigration & Nationalization Serv. v. Abudu, 485 U.S. 94, 104–05, 108 S. Ct. 904, 912 (1988); Gbaya v. U.S. Attorney Gen., 342 F.3d 1219, 1220 (11th Cir. 2003) (per curiam). Generally, motions to reopen are disfavored because "[t]here is a strong public interest in bringing litigation to a close." Abudu, 485 U.S. at 107, 108 S. Ct. at 913.

Procedural due process claims are reviewed de novo, Lonyem v. U.S. Attorney Gen., 352 F.3d 1338, 1341 (11th Cir. 2003) (per curiam), as are legal

3

determinations by the BIA, <u>Al Najjar v. Ashcroft</u>, 257 F.3d 1262, 1284 (11th Cir. 2001). Factual determinations by the BIA are upheld if supported by substantial evidence, considering the record as a whole. <u>Id.</u> at 1283–84. In a case like this where the BIA has adopted the IJ's analysis, we review the IJ's opinion as well as the BIA's decision. <u>Id.</u> at 1284.

## III.

Yusti-Mayor first contends that the proceedings against her should be reopened because she did not receive sufficient notice of her removal hearing. The Fifth Amendment's Due Process Clause applies to immigration removal proceedings. <u>See, e.g.</u>, <u>Demore v. Kim</u>, 538 U.S. 510, 523, 123 S. Ct. 1708, 1717 (2003). Procedural due process entitles an alien facing removal to notice and an opportunity to be heard. <u>Resendiz-Alcaraz v. U.S. Attorney Gen.</u>, 383 F.3d 1262, 1272 (11th Cir. 2004).[2]

Yusti-Mayor argues that the notice to appear she received was constitutionally defective because it contained an incorrect Immigration Court file number. An Immigration Court file number is an identification number assigned to

---

[2] The parties discuss 8 U.S.C. § 1229a(b)(5)(C)(ii), which allows an alien to file a motion to reopen "at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a)." It is undisputed, however, that the notice to appear, which was personally served on Yusti-Mayor, complied with the requirements of 8 U.S.C. § 1229(a). Accordingly, we only address Yusti-Mayor's constitutional claim.

each alien by the INS. The notice to appear served on Yusti-Mayor erroneously listed her Immigration Court file number as A77-479-469. Her actual Immigration Court file number is A77-479-969. Because the notice to appear was the first document reflecting contact between Yusti-Mayor and the INS, it was the first time she had received an Immigration Court file number.[3]

Yusti-Mayor asserts that this incorrect Immigration Court file number made it impossible for her to confirm the time and date of her removal hearing, thus rendering the notice she received constitutionally defective. Yusti-Mayor asserts that both she and her attorney made numerous calls to the Immigration Court clerk in Atlanta to confirm the specific time and date of her removal hearing. According to Yusti-Mayor, each time they called, the clerk would request the Immigration Court file number listed on her notice to appear. When they gave that number to the clerk, the clerk would state that no hearing had been set for a case with that Immigration Court file number.

In addition to contacting the Immigration Court clerk, Yusti-Mayor asserts that she and her attorney called the national Immigration Court information hotline in an attempt to confirm the specific time and date of her removal hearing. The hotline, which is an automated system, instructs the caller to input her Immigration

---

[3] The record contains a second, superseding notice to appear containing Yusti-Mayor's correct Immigration Court file number. It does not appear that Yusti-Mayor was ever served with this second notice to appear, so we do not consider it.

Court file number. When Yusti-Mayor or her attorney would enter the incorrect Immigration Court file number from the notice to appear, the automated system would respond that no such Immigration Court file number existed.

Yusti-Mayor maintains that, despite the numerous calls she and her attorney made to the clerk in Atlanta and the nationwide immigration hotline, she was never able to verify the information contained in her notice to appear. Because she was never able to confirm the time and date of her removal hearing, Yusti-Mayor's attorney advised her not to attempt to attend the hearing by reporting to the Immigration Court at the time and date indicated on her notice to appear. Yusti-Mayor acted on this advice and in absentia was ordered removed. She now contends that the incorrect Immigration Court file number rendered the notice she received constitutionally insufficient.

While it is unfortunate that the notice to appear served on Yusti-Mayor contained an incorrect Immigration Court file number, this clerical error did not render the notice she received constitutionally defective. The INS suggests that Yusti-Mayor may have been able to use her last name, instead of her Immigration Court file number, to confirm the time and date of her removal hearing. Moreover, had Yusti-Mayor reported to the District Director of the INS on the second Tuesday of every month as required by the terms of her release, she undoubtedly would have been able to confirm the time and date of her removal hearing. Most

6

importantly, the fact remains that the notice to appear served on Yusti-Mayor contained all the information she needed to know about her removal hearing: Yusti-Mayor concedes that the removal hearing was held at the time and date specified on the notice to appear. Had she complied with the terms of that notice, she would have been present at her hearing.

While it certainly would have been preferable for the notice to appear to have contained the correct Immigration Court file number so that Yusti-Mayor could have confirmed the time and date of her hearing, such minutia is not encompassed by the Due Process Clause. The BIA correctly determined that Yusti-Mayor's constitutional rights were not violated, and it did not abuse its discretion by denying her motion to reopen because of insufficient notice.

**IV.**

Yusti-Mayor contends that the incorrect Immigration Court file number was an exceptional circumstance that prevented her from attending her removal hearing. An alien may file a motion to reopen "within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i).

This clerical error is not the type of exceptional circumstance contemplated by the statute, which references catastrophic events "such as serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien."

7

8 U.S.C. § 1229a(e)(1). While the incorrect Immigration Court file number inconvenienced Yusti-Mayor by making it difficult for her to confirm the time and date of her hearing, it is not an exceptional circumstance within the meaning of the statute.

Moreover, a motion to reopen due to exceptional circumstances must be filed within 180 days after the removal order is issued. See 8 U.S.C. § 1229a(b)(5)(C)(i). Yusti-Mayor waited more than three-and-a-half years to file her motion to reopen. Therefore, the BIA did not abuse its discretion by denying her motion to reopen due to exceptional circumstances.

**PETITION DENIED.**