[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2006
THOMAS K. KAHN
CLERK

No. 06-10474
Non-Argument Calendar

_____

BIA No. A95-548-390


MAXIMILIANO RINCON MONDRAGON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 19, 2006)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Maximiliano Rincon Mondragon, a native and citizen of Colombia, petitions

for review of the final removal order of the Board of Immigration ("BIA"), which

affirmed without opinion the immigration judge's (IJ) order denying Rincon-Mondragon's motion for reconsideration. On appeal, Rincon-Mondragon does not raise any arguments pertaining to the denial of his motion for reconsideration, instead challenging only the underlying removal order and the denial of his motion to reopen. Notably, Rincon-Mondragon did not file an appeal in the BIA from these orders. Accordingly, as an initial matter, we consider the scope of our jurisdiction, an issue we consider de novo. Resendiz-Alcaraz v. U.S. Att'y Gen., 383 F.3d 1262, 1266 (11th Cir. 2004).

An alien can appeal an IJ's written decision to the BIA within 30 days of the mailing of that decision. See 8 C.F.R. §§ 1003.3(a)(1), 1003.38. We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). We lack jurisdiction to consider claims that were not raised, and thus properly exhausted, in the BIA. Loynem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 n.5 (11th Cir. 2003).

After failing to appear at a removal hearing scheduled for February 14, 2005, Rincon-Mondragon was ordered removed in absentia. On March 11, 2005, he filed a motion to reopen the proceedings, alleging that his failure to appear at the removal hearing was based on exceptional circumstances. The IJ denied the motion to reopen on May 11, 2005. Thereafter, on June 9, 2005, Rincon-

2

Mondragon filed a motion for reconsideration of the denial of his motion to reopen. The IJ denied reconsideration on June 17, 2005. Rincon-Mondragon then filed his appeal in the BIA, enumerating only the denial of reconsideration as the order being appealed.

Here, the IJ's written denial of the motion to reconsider was mailed on June 20, 2005. Rincon-Mondragon filed his notice of appeal (NOA) with the BIA on July 20, 2005. No other decision of the IJ was made within the 30 days prior to the filing of the NOA, which identified only the June 20, 2005 decision as the appealed order. Simply put, because Rincon-Mondragon did not properly exhaust his administrative remedies as to the removal order and the order denying his motion to reopen, we are without jurisdiction to consider challenges to those orders for the first time now.

As for the denial of his motion for reconsideration, which he did enumerate in his NOA before the BIA, he raises no arguments concerning that order in his appellate brief before this Court. Accordingly, he is deemed to have abandoned any argument concerning the one order over which we could assert jurisdiction. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n. 2 (11th Cir. 2005) (holding that where an appellant fails to raise arguments regarding an issue on appeal, that issue is deemed abandoned).

We lack jurisdiction to review the orders challenged in the initial brief. Accordingly, we dismiss the petition for review.

**PETITION DISMISSED IN PART AND DENIED IN PART.**