[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-16002
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 21, 2006
THOMAS K. KAHN
CLERK

BIA Nos. A95-218-180 & A95-218-181

VICTOR HUGO PENARANDA PLATA,
MERY VERGEL DE PENARANDA,
ANGELA CECILIA ACUNA CARDENAS,
CARLOS ADOLFO PENARANDA VERGEL,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(July 21, 2006)**

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Victor Hugo Penaranda-Plata and Mery Vergel de Penaranda and their son,

Carlos Adolfo Penaranda-Vergel, and his wife, Angela Cecilia Acuna Cardenas, all natives and citizens of Colombia, petition for review of the order of the Board of Immigration (BIA) denying Penaranda-Plata's motion to reconsider the BIA's affirmance of the immigration judge's (IJ) removal order. On appeal, Petitioners do not raise any arguments pertaining to the denial of the motion to reconsider, instead challenging only the underlying removal order. As we conclude we lack jurisdiction to review the removal order, we dismiss the petition in part and deny it in part.

On April 3, 2002, the IJ denied Penaranda-Plata's application for asylum, withholding of removal, and CAT protection. Almost two years later, on February 25, 2004, Penaranda-Plata filed an appeal in the BIA. On July 7, 2005, the BIA affirmed the IJ's decision in a written opinion. Notably, Penaranda-Plata did not immediately appeal this ruling. Instead, on August 18, 2005, he filed with the BIA a motion to reconsider its July 7, 2005 decision. On October 7, 2005, the BIA denied the motion to reconsider on the basis that it was untimely.

Penaranda-Plata then filed his petition for review in this Court. In his petition, filed on October 31, 2005, he specified that he was appealing both the BIA's July 7, 2005 order affirming the IJ's removal order and the BIA's October 7, 2005 order denying reconsideration. In his initial brief, Plata argues only that the IJ erred by denying his application for asylum and raises no argument as to the

2

denial of his motion for reconsideration.

As an initial matter, we consider the scope of our jurisdiction, an issue we review de novo. Resendiz-Alcaraz v. U.S. Att'y Gen., 383 F.3d 1262, 1266 (11th Cir. 2004). An alien seeking review of a BIA decision must file a petition for review within 30 days of the BIA's final order of removal. See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (2000). A petition for review is considered to be filed when it is received by the clerk of the Court. Fed. R. App. P. 25(a)(2)(A).

"[T]he filing of a motion to reopen or a motion to reconsider shall not stay the execution of any decision made in the case." 8 C.F.R. § 1003.2(f). The Supreme Court has ruled that the filing of a motion with the BIA does not affect the finality of the order and "does not toll the time to petition for review." Stone v. INS, 514 U.S. 386, 394-95 (1995).

Here, in order for us to have jurisdiction to review the BIA's July 7, 2005 decision, Plata was required to file his petition for review by August 8, 2005, or 30 days after the July 7, 2005, decision.[1] See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (2000). He filed no such timely petition for review. And his filing of a motion for reconsideration did not toll his time to seek review in this Court. Stone, 514 U.S. at 394-95. Despite the fact that the October 31, 2005 petition for review specified

---

[1]Because the 30th day fell on August 6, 2005, a Saturday, the filing was due the following Monday, August 8, 2005. See 11th Cir. R. 26(a)(3).

both the July 7, 2005 order and the October 7, 2005 order, it was untimely as to the former such that we lack jurisdiction to review the merits of that decision. See Stone, 514 U.S. at 394-95; INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (2000). We, therefore, dismiss the petition to the extent that the arguments presented relate to the July 7, 2005, decision.

As for the BIA's order denying reconsideration, which was enumerated in the petition for review filed in this Court, Petitioners raise no arguments concerning that order in their appellate brief before this Court. Accordingly, they are deemed to have abandoned any argument concerning the one order over which we could assert jurisdiction. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n. 2 (11th Cir. 2005) (holding that where an appellant fails to raise arguments regarding an issue on appeal, that issue is deemed abandoned).

We lack jurisdiction to review the removal order challenged in the initial brief. Accordingly, we dismiss the petition for review.

**PETITION DISMISSED IN PART AND DENIED IN PART.**