[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11543
Non-Argument Calendar

_____

BIA No. A79-342-225

JOSE SADY FAYAD-RODRIQUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 31, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Petitioner Jose Sady Fayad-Rodriquez ("Fayad"), through counsel, petitions

for review of the Board of Immigration Appeal's ("BIA") order dated February 9, 2005, denying his motion to reopen in which he sought to reapply for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and protection under the United Nations Convention Against Torture ("CAT"), §§ 208 of the INA, codified at 8 U.S.C. §§ 1158, 1231; and 8 C.F.R. § 208.16(c).[1] Prior to that decision, the BIA had issued two orders as to Fayad. First, on October 3, 2005, the BIA had affirmed the Immigration Judge's ("IJ's") final removal order. Second, on December 5, 2005, the BIA had denied a subsequent motion for reconsideration filed by Fayad. Fayad filed no petition for review following either of these earlier decisions.

Fayad filed only one petition for review to this court, which was dated March 7, 2006, but referenced the orders dated October 3, 2005, December 5, 2005, and February 9, 2006.

Fayad now argues that the IJ abused its discretion by (1) denying his application for asylum, withholding of removal, and CAT protection; (2) finding

---

[1]On May 11, 2005, Congress passed, and the President signed into law, the REAL ID Act of 2005, which amended the INA's rules governing judicial review. *See* REAL ID Act of 2005, Pub.L. 109-13, 119 Stat. 231. The Act made the permanent rules applicable to all petitions for review, providing that any petition for review "filed under former section 106(a) of the Immigration and Nationality Act (as in effect before its repeal by section 306(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1252 note)) shall be treated as if it had been filed as a petition for review under section 242 of the Immigration and Nationality Act (8 U.S.C. 1252)." *Id.* § 106(d), 119 Stat. 231, 311.

that he was not persecuted based upon his political opinion; and (3) failing to make a specific credibility determination.

## I.

Before we can proceed on the merits of the petition for review, we "must first consider whether we have subject matter jurisdiction to hear the petition at all." *Resendiz-Alcaraz v. U.S. Attorney Gen.*, 383 F.3d 1262, 1266 (11th Cir. 2004). We "review subject matter jurisdiction *de novo*." *Gonzalez-Oropeza v. U.S. Attorney Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003).

An alien seeking review of a BIA decision must file a petition for review within 30 days of the BIA's final order of removal. *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (2000). A petition for review is considered to be filed when it is received by the clerk of the court. Fed. R. App. P. 25(a)(2)(A). "[T]he filing of a motion to reopen or a motion to reconsider shall not stay the execution of any decision made in the case." 8 C.F.R. § 1003.2(f). The Supreme Court has ruled that the filing of a motion with the BIA does not affect the finality of the order and "does not toll the time to petition for review." *Stone v. INS*, 514 U.S. 386, 394-95, 115 S. Ct. 1537, 1544, 131 L. Ed. 2d 465 (1995).

For us to have jurisdiction to review the IJ's findings, Fayad would have had to file a notice of appeal from the BIA's October 3, 2005, order affirming the IJ's

3

decision. *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (2000); *Stone*, 514 U.S. at 394-95, 115 S.Ct. at 1544. An effective petition for review would therefore have had to be filed, at the latest, on January 4, 2006, or 30 days after the December 5, 2005, decision. *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (2000). However, the only petition for review was filed on March 7, 2006. Despite the fact that the petition referenced the decision dated October 3, 2005, as well as those dated December 5, 2005, and February 9, 2006, it was untimely as to all except for the February 9, 2006, decision. We therefore lack jurisdiction to review the merits of the earlier two decisions. *See Stone*, 514 U.S. at 394-95, 115 S.Ct. at 1544; INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (2000).

Based upon the foregoing, we dismiss the petition to the extent that the arguments presented do not relate to the denial of the motion to reopen.

## II.

Issues not argued on appeal are deemed abandoned and we need not consider them. *Mendoza v. U.S. Attorney General*, 327 F.3d 1283, 1286 n.3 (11th Cir. 2003).

As previously noted, Fayad properly petitioned for review only as to the BIA's February 9, 2006, denial of his motion to reopen. He now argues that the IJ abused his discretion in denying his application for asylum, withholding of

4

removal, and CAT protection and ordering him removed.  Because Fayad advances no argument regarding the BIA's denial of the relevant motion on appeal, he has abandoned any such challenge.  *See Mendoza*, 327 F.3d at 1286 n.3.  We, therefore, deny the petition for review in this respect.

**PETITION DISMISSED IN PART AND DENIED IN PART.**