[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12603
Non-Argument Calendar
_____

BIA Nos. A93-075-358 & A93-283-364

OLAJIDE NAJEEM OLORUNFEMI,
ADEBUKOLA THOMAS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 28, 2006)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

In 2002, the Department of Homeland Security charged Olajide Olorunfemi and his wife, Adebukola Thomas, both citizens of Nigeria, with remaining in the United States longer than permitted by their visas. The couple admitted to the charges and conceded removability. But they applied to cancel removal because their daughter, who was a United States citizen, would be forced to undergo a female genital mutilation procedure if she had to return with her parents to Nigeria and therefore would suffer exceptional and extreme hardship.

At the hearing on the couple's application, they submitted the State Department's country report for Nigeria, which said that female genital mutilation is no longer a common practice and is prohibited where the father of the daughter does not consent. Olorunfemi testified that he would not consent to having the procedure performed on his daughter. Thomas testified that she had been mutilated as a child in Nigeria but she was unable to provide any medical documentation to support her claim. Based on all this evidence, the immigration judge found that the couple was not entitled to cancellation of removal because they had not met their burden to show that their daughter would suffer exceptional and extreme hardship if she went with her parents to Nigeria. The Board of Immigration Appeals affirmed the IJ's decision without opinion.

The couple moved to reopen their removal proceedings based on three cases decided after the IJ's decision, which permitted applicants for asylum, withholding

of removal, and relief under the Convention Against Torture to assert claims based on their fear that they will suffer female genital mutilation if returned to their home countries. The couple stated that they should now be allowed to assert claims for asylum, withholding of removal, and relief under CAT based on the same fear for their daughter. The BIA denied the motion to reopen on February 10, 2006 because the couple had not presented any new and material evidence which was not previously available or could not have been discovered in time for their hearing before the IJ.

The couple then moved the BIA to reconsider its decision on the motion to reopen. The BIA denied the motion to reconsider on April 4, 2006.

The couple petitioned for review of the BIA's final order of removal on May 4, 2006. In the couple's brief to this Court, their sole contention is that the "BIA erred in denying reopening the case based on the newly-decided [female genital mutilation] cases by finding that [their] Motion to Reopen was not based on evidence that is material and not available at the former hearing." (Blue Br. at 9). Before we can proceed on the merits of the petition for review, we "must first consider whether we have subject matter jurisdiction to hear the petition at all." Resendiz-Alcaraz v. U.S. Att'y Gen., 383 F.3d 1262, 1266 (11th Cir. 2004).

Petitioners to this Court have thirty days from the BIA's order denying relief to seek review. 8 U.S.C. § 1252(a)(1) & (b)(1). A motion to reconsider the BIA's

3

decision does not toll the thirty-day period to seek review. Stone v. Immigration & Naturalization Serv., 514 U.S. 386, 394–95, 115 S. Ct. 1537, 1543–44 (1995) ("deportation orders are to be reviewed in a timely fashion after issuance, irrespective of the later filing of a motion to reopen or reconsider"; "the filing of the reconsideration motion does not toll the time to petition to review").

Here, the BIA denied the couple's motion to reopen on February 10, 2006. The couple did not petition for review in this Court until May 4, 2006, which is much more than the proscribed thirty days. The motion to reconsider did not toll the thirty-day period. We therefore lack jurisdiction to review the BIA's order denying the motion to reopen and dismiss that part of the couple's petition.

However, we do have jurisdiction to review the BIA's denial of the motion to reconsider, because the petition for review was filed within thirty days of that decision. The couple, though, does not argue anywhere in their brief that the BIA erred in denying their motion to reconsider. They only argue that the BIA erred in denying their motion to reopen, which we do not have jurisdiction to review. The motion to reconsider issue is therefore abandoned and we do not consider it here. See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003) ("In his brief on appeal, Mendoza does not challenge the IJ's determination that he is not entitled to CAT relief. Thus, Mendoza has abandoned his CAT claim on appeal,

4

and we need not consider it.").  To the extent the couple's petition seeks review of

the BIA's decision to deny the motion to reconsider, the petition is denied.

PETITION DISMISSED IN PART AND DENIED IN PART.