[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17079
Non-Argument Calendar

_____

Agency No. A028-874-181

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2009
THOMAS K. KAHN
CLERK

GERSON ANTONIO FLORES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision
of the Board of Immigration Appeals

_____

(September 29, 2009)

Before TJOFLAT, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

Gerson Antonio Flores, a native and citizen of El Salvador, seeks review of the

Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the

immigration judge's ("IJ") denial of special rule cancellation of removal under § 203

of the Nicaraguan Adjustment and Central American Relief Act of 1997 ("Nicaraguan Act"). Flores argues that the IJ erred in finding that he was ineligible for Nicaraguan Act relief because he was inadmissible under the Immigration and Nationality Act ("Immigration Act") § 212(a)(2)(D), 8 U.S.C. § 1182(a)(2)(D). More specifically, he argues that the IJ erroneously found that his conviction on a March 2000 state solicitation of prostitution charge met the statutory definition of procuring prostitution found in § 1182(a)(2)(D).

Flores also argues that the BIA erred in denying his motion to remand because he submitted evidence showing that his solicitation of prostitution conviction was vacated and therefore no longer constituted a conviction. And, he argues that the BIA erred in denying his motion to remand because the IJ abused her discretion in denying his motion for a continuance to respond to the Government's motion to pretermit his application for Nicaraguan Act relief.

In order to obtain judicial review of an order of removal, the petitioner must have exhausted administrative remedies on his claim. Immigration Act § 242(d)(1), 8 U.S.C. § 1252(d)(1). The exhaustion requirement is jurisdictional and, accordingly, we will not consider "a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *Amaya-Artunduaga v. United States Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). An alien has failed

2

to exhaust his administrative remedies if he fails to raise a claim in his notice of appeal or brief before the BIA. *Id.*

The only ground for appeal that Flores identified in his notice of appeal to the BIA was that the IJ should not have denied him Nicaraguan Act relief because his family would suffer hardship. He filed no brief with the BIA in support of his appeal. Therefore, Flores did not exhaust his administrative remedies on the ground that he now asserts in this court–that the IJ erroneously found that his solicitation of prostitution conviction met the statutory definition of procuring prostitution found in § 1182(a)(2)(D)–and we lack jurisdiction to consider that argument.

A motion to remand is treated as a motion to reopen. *Matter of Coelho*, 20 I & N. Dec. 464, 471 (BIA 1992). We review the BIA's denial of a motion to reopen for an abuse of discretion. *Ali v. United States Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material. . . . A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

Flores's motion to remand argued that his conviction for solicitation of prostitution was no longer material for immigration purposes because it was vacated. A state conviction counts as a conviction for immigration purposes, "'regardless of whether it is later expunged under a state rehabilitative statute, so long as it satisfies the requirements of § 1101(a)(48)(A).'" *Ali*, 443 F.3d at 810 (*quoting Resendiz-Alcaraz v. United States Att'y Gen.*, 383 F.3d 1262, 1271 (11th Cir. 2004)).[1] And, even if a state vacates a conviction, it still stands as a conviction for immigration purposes unless it was vacated "based on a procedural or substantive defect in the underlying proceedings." *Id.* at 811.

The BIA did not abuse its discretion in denying Flores's motion to remand because the motion submitted no evidence material to the IJ's order of removal. Flores submitted no evidence demonstrating that his March 2000 solicitation of prostitution conviction had been vacated based on an underlying procedural or substantive error. To the contrary, the record demonstrates that the charged offense was *nolle prossed* because Flores completed a court-ordered rehabilitation program and paid the assessed fine.

---

[1]For the purposes of the Immigration Act, a conviction is relevant if a judge made an adjudication of guilt or the adjudication of guilt was withheld, if: (1) the alien pled guilty, *nolo contendere*, or admitted facts warranting a finding of guilt; and (2) the judge ordered some form of punishment, penalty, or restraint on the alien's liberty. Immigration Act § 101(a)(48)(A), 8 U.S.C. § 1101(a)(48)(A). Flores has not argued that his conviction does not satisfy these criteria.

We will not review Flores's argument that the IJ abused her discretion in denying him a continuance. The claim is unexhausted. Flores did not object to the denial of the continuance after the IJ granted him a recess. Nor did Flores argue in his appeal to the BIA that the IJ had abused her discretion in denying his initial request for a continuance. He raised this argument for the first time, over a year after the IJ denied his request, in his reply to the Government's opposition to his motion to remand. That belated argument is insufficient to preserve the issue for our review on appeal.

We dismiss Flores's petition to the extent it raises unexhausted claims and deny the rest of the petition.

DISMISSED IN PART; DENIED IN PART.