[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13823
Non-Argument Calendar
_____

PAUL RIVERA-ROJO,

                                                        Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A200-683-972

_____

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Raul Rivera-Rojo ("Petitioner"), a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ's") denial of cancellation of removal under 8 U.S.C. § 1229b(b).  The IJ concluded that Petitioner failed to demonstrate that his removal would cause his four United States citizen children to suffer "exceptional and extremely unusual hardship," as required to qualify for relief under section 1229b(b).  On appeal, Petitioner challenges the constitutionality of the "exceptional and extremely unusual hardship" standard.  No reversible error has been shown; we dismiss the petition in part and deny the petition in part.

When the BIA issues a summary affirmance of the IJ's decision without an opinion -- as the BIA did in this case -- we review the IJ's decision as the agency's final removal order.  *See Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1284 n.1 (11th Cir. 2003).

We lack jurisdiction to review the BIA's denial of an application for cancellation of removal "except to the extent that such review involves constitutional claims or questions of law."  *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1262 (11th Cir. 2020) (*en banc*).  We review constitutional challenges *de novo*.  *See Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).

Petitioner contends that the "exceptional and extremely un-usual hardship" standard violates the Fifth Amendment's Equal Protection and Due Process Clauses. Under this hardship standard, Petitioner says eligibility for relief is conditioned upon the pre-existing circumstances of an applicant's immediate- family members instead of being conditioned upon the applicant's own conduct or characteristics. Petitioner says this statutory classification is unreasonable and arbitrary and, thus, fails under rational-basis review. Petitioner also asserts that the hardship standard violates a purported fundamental liberty interest in family members living together and penalizes United States citizen family members who lack sufficient medical or financial difficulties to render a non-citizen family member eligible for relief.[*]

In addressing Petitioner's equal protection argument, we apply a rational-basis standard of review. *See Resendiz-Alcaraz v. Ashcroft*, 383 F.3d 1262, 1271 (11th Cir. 2004) (given Congress's "plenary power to pass legislation concerning the admission and exclusion of aliens, federal classifications that distinguish among

---

[*] Petitioner also contends that the BIA's precedential decisions interpreting the "exceptional and extremely unusual hardship" standard for cancellation of removal are inconsistent with the statute's plain language. Because Petitioner never raised this statutory-interpretation argument in his appeal to the BIA, we lack jurisdiction to consider the argument for the first time on appeal. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (concluding that we lack jurisdiction to consider claims raised in a petition for review unless the petitioner has exhausted his administrative remedies by first raising the argument on appeal to the BIA).

groups of aliens are subject only to rational basis review." (citation omitted)).   Under rational-basis review, a challenged legislative classification "is accorded a 'strong presumption of validity.'" *Id.* We will uphold a legislative classification against an equal protection challenge "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id.* The petitioner bears the burden of showing that the legislative classification is not rationally related to a legitimate government purpose. *Id.* at 1271-72.

Petitioner has failed to satisfy the requisite burden of proof. Congress has articulated a rational basis for adopting the "exceptional and extremely unusual hardship" standard for cancellation of removal. *See* H.R. Conf. Rep. 104-828, at 213-14 (1996) (Conf. Rep.).   Congress explained that cancellation of removal should be limited to "truly exceptional cases," consistent with the country's fundamental immigration laws and policies. *Id.* In the interest of conforming with the country's immigration policies -- and in response to the "weakening" of the former "extreme hardship" standard -- Congress adopted the heightened "exceptional and extremely unusual hardship" standard "to emphasize that the alien must provide evidence of harm to his spouse, parent, or child substantially beyond that which ordinarily would be expected to result from the alien's deportation." *Id.* Given Congress's stated legitimate government purpose, the heightened hardship standard -- and the classification based on hardship to an applicant's family members -- survives rational-basis scrutiny.

Petitioner has also failed to establish a violation of due process. We have said that an applicant "has no constitutionally protected interest in purely discretionary forms of relief" and, thus, can establish no due process violation stemming from the denial of such discretionary relief. *See Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008) (rejecting a due-process challenge to the BIA's discretionary denial of a petitioner's motions to reopen and for reconsideration). Because cancellation of removal is the kind of purely discretionary form of relief to which Petitioner has no protected liberty interest, Petitioner can show no violation of his due process rights. *See Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1222-23 (11th Cir. 2006) (determining that the BIA's determination about whether a petitioner satisfies the "exceptional and extremely unusual hardship" standard for cancellation of removal is a "purely discretionary decision"). Nor can Petitioner establish a violation of the due process rights of his United States citizen children: Petitioner's children have no constitutionally- protected interest in having Petitioner continue to reside in the United States. *See Gonzalez-Cuevas v. I.N.S.*, 515 F.2d 1222, 1224 (5th Cir. 1975) (concluding that the deportation of the parent of a United States citizen child violates no constitutional right of the citizen child).

Because Petitioner's equal protection and due process arguments fail on the merits, we deny in part the petition for review. To the extent Petitioner raises an unexhausted statutory-interpretation argument, we dismiss in part the petition.

6                    Opinion of the Court                    21-12273

PETITION   DISMISSED   IN   PART   AND   DENIED   IN PART.