[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15644
Non-Argument Calendar

_____

BIA No. A79-668-856

YVONNE NDUTA MAINA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 2, 2006)

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Yvonne Nduta Maina appeals the order of the Board of Immigration Appeals

("BIA") dismissing her appeal of the denial by the immigration judge ("IJ") of her motion to reopen removal proceedings. As an initial matter, we lack jurisdiction over Maina's claim that the immigration judge violated her due process rights because she failed to exhaust her administrative remedies by not appealing the immigration judge's initial order of voluntary departure. Furthermore, we find that the BIA did not abuse its discretion in denying Maina's motion to reopen. Accordingly, the petition is DISMISSED IN PART and DENIED IN PART.

## I. BACKGROUND

Maina, a native and citizen of Kenya, entered the United States in August 2000 as a non-immigrant visitor for pleasure with authorization to remain until February 2001. She remained beyond her authorized date and, in December 2002, the Immigration and Naturalization Service ("INS")[1] issued a notice to appear, charging her with removability under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(B). Maina's removal hearing was set for 21 November 2003. In June 2003, Maina filed an application for asylum and withholding of removal.

---

[1]The Homeland Security Act ("HSA"), effective 25 November 2002, created the Department of Homeland Security ("DHS") and abolished the INS. Pub. L. No. 107-296, 116 Stat. 2135. The HSA transferred INS functions to the DHS. This case was initiated while the INS was still in existence. This opinion, therefore, refers to the INS rather than the DHS as the relevant agency.

In early November 2003, Maina filed a "motion to adjourn and continue" the hearing on the ground that she had married a lawful permanent resident who was applying for naturalization. Administrative Record ("AR") at 225. Maina asserted that, if her husband were naturalized, she would be eligible for an adjustment of status. In support of her motion, she submitted a copy of her husband's naturalization application. The marriage certificate, which Maina had submitted in October 2003, indicated that she had married John Gacunu Waruhiu on 3 April 2003. Id. at 158.

On 21 November 2003, the IJ continued Maina's hearing until April 2004 and subsequently rescheduled it for 2 June 2004. At the rescheduled hearing, the IJ granted Maina's application for voluntary departure until 2 August 2004, with an alternate order of removal to Kenya. See id. at 84.[2] Both Maina and the INS waived their rights to appeal. Id. On 2 August 2004, the final day of Maina's voluntary departure time period, she filed a motion to reopen the 2 June decision and allow her to pursue an adjustment of status based on her marriage to a United States citizen. She claimed that her husband was scheduled to become a United States citizen on 13 August 2004 and that he would then file a "Petition for Alien Relative" on her behalf. Id. at 48. In support of her motion, Maina again

_____

[2]The transcript of the removal hearing is not included in the record on appeal. However, the essential facts of the hearing are not in dispute and are adequately set forth in the briefs. See generally AR at 6-13, 14-20; Petitioner's Br. at 4-5; Government's Br. at 4.

submitted her marriage certificate and her husband's naturalization application.

Maina also submitted (1) a copy of her husband's completed "Petition for Alien

Relative," (2) an apartment lease dated 29 April 2003 in both Maina and her

husband's names, and (3) two utility bills, both in her name only. Id. at 72-80.

The IJ denied Maina's motion to reopen stating: "[Maina] sought and was granted

voluntary departure and was to depart[] on August 2, 2004 but refused to do so.

[Maina] was further married during proceedings. Insufficient reasons to reopen

this proceeding." Id. at 42.

Maina appealed to the BIA, arguing in her brief that her motion to reopen

had been timely filed and that she had established the bona fides of her marriage

through her submission of copies of her husband's Petition for Alien Relative and

the joint lease she held with her husband. Maina also asserted that, during her

hearing before the IJ, she had been subjected to an experimental INS pilot program

under which she had been given the option of taking a grant of voluntary departure

or proceeding with her asylum claim with the risk that, if she did not prevail on

that claim, she would be immediately imprisoned on a $50,000 bond.[3] Maina

---

[3]The government explained in its brief to the BIA that, during the time of Maina's removal hearing, the INS had been implementing an experimental program entitled "Operation Compliance." AR at 7. Aliens subjected to this program were informed at the beginning of their removal proceedings that, if they failed on the merits of their claims, they would be taken into custody immediately and the appropriate amount of bond, as determined on a case-by-case basis, would be imposed. Id. The bond amount could reach a maximum of $50,000. Id.

contended that her Fifth Amendment due process rights had been violated when the INS implemented the pilot program and applied it to Maina without any notice to her that it was doing so. She argued that the IJ should have granted her motion to continue the removal hearing to allow her an "opportunity to reflect upon the new policy."[4] Id. at 19.

The BIA dismissed Maina's appeal, finding that Maina was not eligible for an adjustment of status based on a marriage that had been entered into after the commencement of removal proceedings. More specifically, the BIA found that, although Maina's burden was to present clear and convincing evidence of a strong likelihood of a bona fide marriage, the record was insufficient to establish such because the only supporting evidence was the apartment lease signed by both Maina and her husband. Id. at 3. The BIA observed that the utility bills that Maina had submitted did not even list Maina's husband. Id. The BIA further found that Maina, as an alien who had failed to depart following the grant of voluntary departure, was statutorily barred from applying for an adjustment of status, pursuant to 8 U.S.C. § 1229c(d)(1)(B). Id. Finally, the BIA refused to consider Maina's due process challenge to her removal hearing because she "did not appeal the [IJ's] decision at the hearing, and that order is now final." Id.

_____

[4]On appeal before the BIA, Maina for the first time characterized her motion to reopen as a "motion to reopen and/or continue proceedings." AR at 36. The motion, as filed with the IJ, was simply a motion to reopen removal proceedings. See id. at 48.

In her petition for review, Maina argues that (1) the INS and the IJ violated her right to due process by applying an experimental pilot program during her removal proceedings and (2) the BIA abused its discretion in dismissing her appeal of the IJ's denial of her motion to reopen.

## II. DISCUSSION

A. Violation of Due Process

We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (quotation omitted). We review our subject matter jurisdiction de novo. Resendiz-Alcaraz v. U.S. Att'y Gen., 383 F.3d 1262, 1266 (11th Cir. 2004).

In immigration cases, we may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Constitutional challenges and some due process claims, however, do not require exhaustion because the BIA does not have the authority to adjudicate those claims. Sundar v. INS, 328 F.3d 1320, 1325 (11th Cir. 2003). Nevertheless, where the BIA can provide a remedy to the constitutional claim, "the exhaustion requirement applies with full force." Id. (holding that an alien should have exhausted his due process claim that the IJ's and BIA's application of an immigration statute violated the constitution, because "[i]t was within the BIA's authority to reconsider and change its decision").

6

Here, Maina argues that she did not receive due process of law because the IJ, in her removal proceedings, put her in a position that forced her to make an unconscionable decision. It is undisputed, however, that Maina failed to appeal the IJ's order of voluntary departure. As such, Maina "deprived [the BIA] of the opportunity to discover and correct its own error." Id. (quotation and alteration indication omitted). If Maina had appealed the IJ's order of voluntary departure, the BIA could have ascertained whether the procedure implemented at Maina's removal hearing did indeed force her into an unconscionable decision and, if so, the BIA could have provided Maina relief. Because Maina did not appeal the IJ's order, however, the BIA determined that the order was final and that it would not review Maina's due process claim.[5] Accordingly, we are without jurisdiction to review the merits of Maina's claim because she did not exhaust her administrative remedies. See 8 U.S.C. § 1252(d)(1).

B. Motion to Reopen

Maina also argues that the BIA abused its discretion in dismissing her motion to reopen because (1) the motion was timely, (2) the motion was not barred

---

[5]An alien may be granted voluntary departure only if the alien "waives appeal of all issues." 8 C.F.R. § 1240.26(b)(1)(i)(D). In Maina's case, the IJ noted in the order of voluntary departure that both parties waived their rights to appeal. AR at 84. Although one might argue that this appeal waiver would have precluded Maina from directly appealing the IJ's order, she could have filed an appeal on the basis that her waiver had been involuntary, especially in light of the nature of her due process claim. Further, neither party has addressed the effect, if any, of the appeal waiver and the BIA did not rely on this waiver ground in its dismissal of Maina's appeal of her motion to reopen.

by the regulations, (3) the motion was not barred on other procedural grounds, and

(4) she presented clear and convincing evidence that her marriage was <u>bona fide</u>.[6]

"We review the BIA's denial of a motion to reopen for an abuse of discretion."

<u>Abdi v. U.S. Att'y Gen.</u>, 430 F.3d 1148, 1149 (11th Cir. 2005) (per curiam).  "Our

review is limited to determining whether there has been an exercise of

administrative discretion and whether the matter of exercise has been arbitrary or

capricious."  <u>Id.</u> (quotation omitted).

"A motion to reopen proceedings shall state the new facts that will be proven

at a hearing to be held if the motion is granted."  8 C.F.R. § 1003.23(b)(3).   An IJ

will not grant a motion to reopen "unless the [IJ] is satisfied that evidence sought

to be offered is material and was not available and could not have been discovered

or presented at the former hearing."  <u>Id.</u>  Moreover, an IJ "has discretion to deny a

motion to reopen even if the moving party has established a prima facie case for

relief."  <u>Id.</u>  We have previously held that:

> [a]t a minimum, there are at least three independent grounds upon
> which the [BIA] may deny a motion to reopen: 1) failure to establish a
> prima facie case; 2) failure to introduce evidence that was material

---

[6]As an initial matter, the government argues that we lack jurisdiction over Maina's claim – that she is not statutorily ineligible for adjustment of status because her motion to reopen tolled her voluntary departure period – on the basis that Maina failed to raise this claim before the IJ or BIA.  Although she did not raise this specific argument below, she did contend that her motion to reopen was timely and that she was eligible for adjustment of status.  <u>See</u> AR at 18.  Therefore, even if we are without jurisdiction to consider the specific argument regarding the tolling of her voluntary departure period, we retain jurisdiction over her other claims.

8

and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion.

Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001).

Here, in dismissing Maina's appeal, the BIA first found that the record contained insufficient evidence to support a finding that Maina and her husband had a bona fide marriage. Petitioners, such as Maina, who seek an adjustment of status based on marriages entered into while in admissibility or deportation proceedings, are barred from such adjustment unless they can prove "by clear and convincing evidence to the satisfaction of the Attorney General" that the "marriage was not entered into for the purpose of procuring the alien's admission as an immigrant." 8 U.S.C. § 1255(e). The only effective supporting evidence Maina submitted was the apartment lease in both her and her husband's names. It was not an abuse of discretion on the part of the BIA to find that this, standing alone, did not constitute "clear and convincing evidence" that her marriage was bona fide.

Further, Maina failed to submit with her motion to reopen "evidence that was material and previously unavailable." Al Najjar, 257 F.3d at 1302. In support of her motion to reopen, Maina submitted, for the second time, her husband's naturalization application and their marriage certificate. She also submitted the completed "Petition for Alien Relative," the apartment lease, and the utility bills. Because the apartment lease is dated 29 April 2003, it would have been available

9

when she initially filed for a continuance in November 2003. The rest of the new evidence is not "material" to Maina's claim that her marriage was <u>bona</u> <u>fide</u> because (1) there is no evidence in the record that Maina's husband ever actually filed the "Petition for Alien Relative" and (2) the utility and phone bills do not reference Maina's husband. Therefore, Maina failed to meet the requirement that she present evidence that was "material and was not [previously] available." 8 C.F.R. § 1003.23(b)(3).

Finally, even if Maina had made a <u>prima</u> <u>facie</u> case for relief, the BIA would still have retained discretion to deny her motion to reopen. <u>See</u> 8 C.F.R. § 1003.23(b)(3). Accordingly, the BIA did not abuse its discretion in dismissing Maina's appeal of the IJ's denial of her motion to reopen.[7]

### III. CONCLUSION

Maina appeals the BIA's dismissal of her appeal of the IJ's denial of her motion to reopen removal proceedings. Because we lack jurisdiction over Maina's claim that the immigration judge violated her due process rights and because we find that the BIA did not abuse its discretion in denying Maina's motion to reopen, we **DISMISS IN PART and DENY IN PART** Maina's petition for review.

---

[7]Because we dismiss and deny the petition on other grounds, we do not reach Maina's argument that the BIA erred in determining that she was procedurally barred from receiving adjustment of status because she had failed to depart following a grant of voluntary departure.

10