[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15044
Non-Argument Calendar

_____

BIA No. A95-228-708

TATIANA ANDREA BERNAL,

                                                Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 15, 2007)**

Before BIRCH, CARNES  and BARKETT, Circuit Judges.

PER CURIAM:

Tatiana Andrea Bernal, a native and citizen of Colombia, seeks review of the

Board of Immigration Appeals' ("BIA") decision affirming the immigration

judge's ("IJ") order finding her removable and denying her application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"), INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c).

## I. Withholding of Removal and CAT Claims

The government asserts that Bernal did not exhaust her claims for withholding of removal and CAT relief because she did not raise them before the BIA, and, thus, only her challenge to the denial of her asylum application is properly before us.

We review jurisdictional questions de novo. Resendiz-Alcaraz v. U.S. Att'y Gen., 383 F.3d 1262, 1266 (11th Cir. 2004). The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA. Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001).

Bernal did not challenge the IJ's denial of her application for withholding of removal and CAT relief in either her notice of appeal here or brief to the BIA. Specifically, in her brief to the BIA, Bernal only mentioned her asylum claim and did not cite the law applicable to CAT or withholding of removal claims. Bernal argues for the first time on appeal that the IJ erred in denying her application for withholding of removal and CAT relief. Because she failed to exhaust her

2

administrative remedies with respect to those claims, we lack jurisdiction to consider them. Accordingly, we dismiss Bernal's petition to the extent that it seeks review of the IJ's denial of her application for withholding of removal and CAT relief.

## II. Asylum

On appeal, Bernal argues that she established past persecution and a well-founded fear of future persecution on account of membership in a particular social group (her family) and an imputed political opinion. Bernal asserts the following facts in support of her claim: (1) the FARC kidnapped her father in November 1999, and he remains missing; (2) the FARC telephoned Bernal at work in January 2000 and demanded money in exchange for her father's release, which she did not pay; (3) Bernal's brother was threatened by the FARC in April 2001 that he would be killed if he continued looking for their father; (4) kidnapping remains a serious problem in Colombia; (5) the FARC set off a bomb in 2003 which killed Bernal's father's cousin; and (6) Bernal belonged to the Restoration Movement Party, a political organization, and, when she failed to pay the money, the FARC believed that she held a political opinion that was inconsistent with their ideology.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257

F.3d 1262, 1284 (11th Cir. 2001). Here, we review the IJ's decision because the BIA affirmed the IJ's decision without opinion.

The IJ's factual determinations are reviewed under the substantial evidence test, and we should "affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotations and citations omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). To the extent that the IJ's decision was based on a legal determination, our review is de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004).

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of the DHS has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is defined in the INA as

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

4

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Al Najjar, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, show (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); see Al Najjar, 257 F.3d at 1287.

If the alien establishes past persecution, it is presumed that her life or freedom would be threatened upon a return to that country unless the government shows by a preponderance of the evidence that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon her removal, or that the alien could relocate within the country and it would be reasonable to expect her to do so. 8 C.F.R. § 208.13(b). An alien who has not shown past persecution may still be entitled to asylum if she can demonstrate a future threat in her country to her life or freedom on a protected ground. 8 C.F.R. § 208.13(b)(2). To establish a well-founded fear of persecution, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. However, if the IJ finds that the alien could avoid a future threat by relocating to another part of her country and it would be reasonable to require the alien to do so, she cannot demonstrate a well-founded fear of persecution. See 8 C.F.R. § 208.13(b)(1)-(2).

5

In the instant case, substantial evidence supports the IJ's determination that Bernal did not establish (1) past persecution; (2) a well-founded fear of future persecution; or (3) a nexus between the feared harm and a statutorily protected ground.

## A.    Past Persecution

On this record, we are satisfied that substantial evidence supports the IJ's finding that Bernal did not experience past persecution because Bernal continued to live in Bogota for more than a year after her father disappeared in November 1999 (until she came the United States in January 2001) and only received one threatening phone call during that period (in January 2000). Moreover, that Bernal did not leave the country for more than a year after the threatening phone call suggests that she did not believe the risk of persecution following her father's disappearance was so great that she needed to leave the country.

## B.    Fear of Future Persecution

Substantial evidence also supports the IJ's conclusion that Bernal does not have a well-founded fear of future persecution because (1) aside from one threatening phone call, Bernal was not targeted for mistreatment; (2) Bernal remained in Colombia for more than one year after receiving that threat; (3) there was no evidence that the FARC bomb that killed Bernal's father's cousin was directed at the family or motivated by the victim's political opinion; rather, the

6

evidence is consistent with a finding that the bomb was a random attack on civilians based on Bernal's testimony that many people were killed by it; (4) the 2001 U.S. Department of State Country Report on Human Rights Practices in Colombia indicated that guerrillas use bombs to kill civilians indiscriminately, which also supports the conclusion that Bernal's father's cousin was not targeted on account of a protected ground, but rather that he was killed in a random act of violence; and (5) Bernal's mother and younger brother continue to live in Bogota and have not suffered additional threats or mistreatment.

## C.    Nexus

Even if the circumstances presented by Bernal were sufficient to show a well-founded fear of persecution, substantial evidence supports the conclusion that Bernal did not establish a nexus between the treatment she (and her family) experienced and a protected ground.

First we note that we lack jurisdiction to review Bernal's claim for asylum based membership in a particular social group, because she failed to exhaust this claim before the BIA.  See  Fernandez-Bernal, 257 F.3d at 1317 n.13 (11th Cir. 2001).  Bernal's brief to the BIA contained no substantive argument or discussion concerning persecution on account of her membership in a particular social group. Moreover, this issue was not raised in Bernal's asylum application or before the IJ. Accordingly, we dismiss Bernal's petition to review to the extent that she seeks

review of her claim that she established a well-founded fear of persecution on account of membership in a particular social group.

As to her claim for asylum based on an imputed political opinion, we find that the record does not compel the conclusion that Bernal was threatened on this basis.[1] See Mendoza, 327 F.3d at 1287. To establish the requisite nexus between an imputed political opinion and persecution, an asylum applicant may not show merely that she has a political opinion (or one that is imputed to her), but must show that she was persecuted because of that opinion. INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 816 (1992) (internal quotations omitted). Moreover, "[i]t is not enough to show that [applicant] was or will be persecuted . . . due to her refusal to cooperate with the guerillas." Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004).

The evidence is consistent with the IJ's finding that the FARC threatened Bernal and her family due to their refusal to pay ransom, and did not involve any imputed political opinion. See Sanchez, 392 F.3d at 438. Similarly, the record does not compel the conclusion that Bernal's father was kidnapped on account of his political opinion. There is no evidence that Bernal's membership in the Restoration Movement Party was related to her father's disappearance (or to any

---

[1] "An imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a well-founded fear of political persecution within the meaning of the INA." Al Najjar, 257 F.3d at 1289 (quotations and citations omitted).

8

threat).  Bernal does not allege that the FARC mentioned her membership in that party or any political opinion they may have imputed to her when they called her.

Accordingly, upon review of the record on appeal and consideration of the parties' briefs, we dismiss the petition for lack of jurisdiction with respect Bernal's withholding of removal and CAT claims and deny the petition with respect to her asylum claim.

**PETITION DISMISSED IN PART, DENIED IN PART.**