[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11046
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 17, 2007
THOMAS K. KAHN
CLERK

BIA No. A76-537-438

SANDRA RAIJMANN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 17, 2007)**

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Petitioner seeks review of the Board of Immigration Appeals ("BIA")

decision affirming the order of an Immigration Judge ("IJ") denying her application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the Convention Against Torture ("CAT").

Petitioner is a native and citizen of Suriname. She was admitted into the United States in 1997 as a non-immigrant visitor for a temporary period not to exceed December 30, 1997. In April 1998, she adjusted her status to that of a lawful permanent resident based on her marriage to an American citizen. Thereafter, she was convicted of two drug trafficking conspiracies.[1] She contends that INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C) does not limit our jurisdiction to review the BIA's removal order, because she raises questions of law, as contemplated in § 1252(a)(2)(D), which we have jurisdiction to review.

## I.

As a threshold matter, we previously directed the parties to address our jurisdiction to consider the instant petition. Our jurisdiction under INA § 242(a)(1), 8 U.S.C. § 1252(a)(1), to review orders of removal is limited by § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002); Moore v. Ashcroft, 251 F.3d 919, 922-23 (11th Cir. 2001).

---

[1] On December 20, 2001, petitioner was convicted in the Southern District of Florida on two counts: conspiracy to possess with intent to distribute ecstasy and conspiracy to possess with intent to distribute cocaine. The district court thereafter sentenced her to prison for concurrent terms of 57 months. The court reduced her sentences to 36 months based on her cooperation with the government's investigation of the drug trafficking ring.

Section 242(a)(2)(C) provides, in pertinent part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D)

INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C) (as amended by the REAL ID Act § 106(a)). Section 106(a)(1)(A)(iii) of the REAL ID Act amended § 1252 by adding § 1252(a)(2)(D), which provides that any limits on judicial review shall not be interpreted to preclude review of constitutional claims or questions of law raised in a petition for review. Chacon-Botero v. U.S. Atty. Gen., 427 F.3d 954, 957 (11th Cir. 2005). Whenever § 242(a)(2)(C) is at issue, we first determine whether we have subject matter jurisdiction to consider the petition for review. Resendiz-Alcaraz v. U.S. Atty. Gen., 383 F.3d 1262, 1266 (11th Cir. 2004).

Petitioner does not challenge the BIA's finding that she is an aggravated felon; therefore, she has abandoned this argument. See Sepulveda v. U. S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned."). Consequently, we lack jurisdiction to review her final order of removal except to the extent that it raises a constitutional claim or question of law. See INA § 242(a)(2)(D), 8 U.S.C. §

3

1252(a)(2)(D) (as amended by the REAL ID Act § 106(a)).[2]

Petitioner asserts that she raises questions of law, within the purview of § 1252(a)(2)(D), which we have jurisdiction to review. Specifically, she contends that the BIA (1) applied the incorrect standard of proof to her claim for CAT relief, and (2) misapplied the legal standard when finding that her offenses constituted a "particularly serious crime."

## A.

Regarding the first of these two contentions, petitioner argues that in rejecting her claim for CAT relief, both the IJ and the BIA misapplied the law by selectively ignoring evidence and making findings of fact not supported by the record.[3] "The burden of proof is on the applicant for [CAT relief] to establish that it is more likely than not that he or she would be tortured if removed to the

---

[2] Because INA § 242(a)(2)(C) limits our review of the entire removal order, we need not address the government's contention that the BIA's determination that Raijmann's drug trafficking conviction was a "particularly serious crime" is a discretionary decision, review of which is outside our jurisdiction under subsection (B). See INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B) ("[N]o court shall have jurisdiction to review . . . any other decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General"). Regardless of whether the "particularly serious crime" determination is discretionary or not, we still lack jurisdiction to review it under subsection (C), except to the extent that it involves a question of law or constitutional claim. See Petrov v. Gonzales, 464 F.3d 800, 802 (7th Cir. 2006).

[3] To the extent that petitioner argues that the IJ misapplied the law to the facts, that issue is not properly before us. The BIA issued an opinion in this case that does not expressly adopt the IJ's decision; thus, this court may only review the BIA's opinion. See Al Najjar, 257 F.3d at 1284.

proposed country of removal." 8 C.F.R. § 1208.16(c)(2); see also Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004). The question of whether the BIA applied the proper burden of proof for CAT relief is a question of law and therefore reviewable.

To the extent that petitioner argues, however, that the BIA misapplied the law by selectively ignoring evidence and making findings of fact not supported by the record, she is seeking review of the BIA's factual findings. We lack jurisdiction to review such findings because they do not constitute a constitutional claim or question of law. Hence, we dismiss the petition as to this issue. See INA § 242(a)(2)(C), (A)(2)(D), 8 U.S.C. § 1252(a)(2)(C), (a)(2)(D) (as amended by the REAL ID Act § 106(a)).

B.

Addressing her second contention, petitioner argues that the BIA misapplied the legal standard when finding that her offenses constituted a "particularly serious crime." She says that the facts of her case are comparable with those of Matter of Frentescu, 18 I&N Dec. 244 (BIA 1982), superseded in part by amendment to INA § 243(h)(2), 8 U.S.C. § 1253(h)(2) (1988), Immigration Act of 1990, Pub.L. No. 101-649, 104 Stat. 4978, as recognized in Matter of C-, 20 I. & N. Dec. 529, 533 (BIA 1992), in which the crime was held not to constitute a "particularly serious crime."

5

Withholding of removal under the INA is mandatory, not discretionary, once the applicant establishes eligibility. 8 C.F.R. § 1208.16(d)(1). Mandatory withholding of removal does not apply, however, if the Attorney General determines that the alien has been convicted of a particularly serious crime that constitutes a danger to the community of the United States. INA § 241(b)(3)(B); 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). "[A]n alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime." 8 U.S.C. § 1231(b)(3)(B). According to the federal regulations, regardless of the length of an alien's prison sentence, "[i]t shall be presumed that an alien convicted of an aggravated felony has been convicted of a particularly serious crime." 8 C.F.R. § 1208.16(d)(3). The Attorney General has discretion under the regulations, however, to determine that an aggravated felony for which an alien's sentence is less than 5 years is not a particularly serious crime. Id. Petitioner does not contend that the BIA applied the incorrect legal standard for a particularly serious crime. Nor does she cite any legal authority or provide any substantive argument attacking the legal standard from Matter of Y-L, A-G, R-S-R, 23 I&N Dec. 270 (BIA 2002) that the BIA applied. See Sepulveda v. United States Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer

6

argument on an issue, that issue is abandoned."). Rather, she argues that the BIA misapplied the legal standard to the facts of her case and that the facts of her case were analogous to Matter of Frentescu. If we were to compare her case to Matter of Frentescu, as she requests, we would engage in a factual inquiry that we are barred making by INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). We therefore lack jurisdiction to make the inquiry.

## II.

Petitioner contends that the BIA applied the incorrect standard of proof to her claim for CAT relief. She asserts that the BIA's statement that "there is no conclusive evidence suggesting that the government would acquiesce in respondent's torture" indicates that it applied a standard to her CAT claim other than the proper more-likely-than-not standard.

To qualify for CAT relief, an alien must establish that it is more likely than not that she would be tortured if returned to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2); Reyes-Sanchez, 369 F.3d at 1242. The alien must also demonstrate that the feared torture would be by the government or with the government's acquiescence, i.e., the government is aware of misconduct that it has a duty to prevent and fails to intervene. Reyes-Sanchez, 369 F.3d at 1242; see also Morales v. U.S. Att'y Gen., 488 F.3d 884, 891 (11th Cir. 2007) (denying CAT claim because the record contained no compelling evidence that the Colombian

7

government acquiesced in the FARC's activities, as Colombian police provided protection and assistance in relocating alien's dental business and investigated his claims). "An alien who: has been ordered removed; has been found under § 1208.16(c)(3) to be entitled to protection under [CAT]; and is subject to the provisions for mandatory denial of withholding of removal under § 1208.16(d)(2) or (d)(3), shall be granted deferral of removal to the country where he or she is more likely than not to be tortured." 8 C.F.R. § 1208.17(a).

From the BIA's statement that "[a]lthough the record contains evidence of government corruption and rampant drug issues, there is no conclusive evidence suggesting that the government would acquiesce in the respondent's torture[,]" we cannot determine whether the BIA made a complete analysis for CAT relief, determining first whether petitioner was entitled to protection under CAT, then whether she was subject to mandatory denial of withholding of removal, and finally whether she qualified for deferral of removal. Even assuming that the BIA had conducted the full CAT relief analysis, it is unclear from its statement, that "there is no conclusive evidence," that it applied the proper more-likely-than-not standard for deferral of removal and that "no conclusive evidence" does not mean some quantum of evidence other than that required by the more-likely-than-not standard.

Therefore, we vacate the BIA's decision as to this issue and remand the case

8

to the BIA for a determination of whether petitioner: (1) met her burden of proof for CAT relief under the more-likely-than-not standard; (2) was subject to mandatory denial of withholding of removal; and (3) if so, met her burden for deferral of removal under the more-likely-than-not standard.

**PETITION DISMISSED IN PART; GRANTED IN PART; VACATED AND REMANDED IN PART.**