[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12709
Non-Argument Calendar

_____

Agency No. A76-537-438

SANDRA RAIJMANN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 18, 2009)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner is a native and citizen of Suriname. She was admitted into the United States in 1997 as a non-immigrant visitor for a temporary period not to exceed December 30, 1997. In April 1998, she adjusted her status to that of a lawful permanent resident based on her marriage to an American citizen. Thereafter, she was convicted of two federal drug trafficking charges. As a result of her convictions, removal proceedings were instituted. Petitioner thereafter filed an application for asylum and, alternatively, withholding of removal under the Immigration and Nationality Act ("INA") and relief under the U.N. Convention Against Torture ("CAT").

An Immigration Judge ("IJ") denied Petitioner's application for asylum. The judge also denied her applications for alternative relief and therefore ordered her removal. Petitioner appealed to the Board of Immigration Appeals ("BIA"), and it affirmed. Petitioner then petitioned this court for review. In Raijmann v. U.S. Att'y Gen., 249 Fed.Appx. 102 (2007), we dismissed her petition as it related to the denial of asylum, but vacated the BIA's decision denying withholding of removal and CAT relief and remanded the case with the instruction that the BIA determine whether Petitioner (1) met her burden of proof for CAT relief, (2) was subject to

mandatory denial of withholding, and, if so, (3) met her burden for deferral of removal.  We explained the reason for our decision thusly:[1]

> From the BIA's statement that "[a]lthough the record contains evidence of government corruption and rampant drug issues, there is no conclusive evidence suggesting that the government would acquiesce in the respondent's torture[,]" we cannot determine whether the BIA made a complete analysis for CAT relief, determining first whether petitioner was entitled to protection under CAT, then whether she was subject to mandatory denial of withholding of removal, and finally whether she qualified for deferral of removal. Even assuming that the BIA had conducted the full CAT relief analysis, it is unclear from its statement, that "there is no conclusive evidence," that it applied the proper more-likely-than-not standard for deferral of removal and that "no conclusive evidence" does not mean some quantum of evidence other than that required by the more-likely-than-not standard.

Id. at 106.

On remand, the BIA affirmed its previous decision that Petitioner was ineligible for withholding of removal and CAT relief.  Petitioner now petitions us to review the BIA's decision.

We previously directed the parties to address our jurisdiction over the petition for review.  Petitioner, though convicted on federal drug charges, argues that INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), does not limit our jurisdiction

---

[1] In her petition, Petitioner contend[ed] that the BIA applied the incorrect standard of proof to her claim for CAT relief. She assert[ed] that the BIA's statement that "there is no conclusive evidence suggesting that the government would acquiesce in respondent's torture" indicate[d] that it applied a standard to her CAT claim other than the proper more-likely-than-not standard.

Raijmann, 249 Fed.Appx. at 106.

over her petition for review. She contends that she raises both constitutional claims and questions of law as contemplated in § 1252(a)(2)(D), which we have jurisdiction to consider. Specifically, she argues that: (1) the BIA denied her due process when it failed to engage in any meaningful analysis about her qualifications for deferral of removal under CAT; and (2) the BIA applied the incorrect standard of proof to her CAT claim.

## I.

Whenever § 242(a)(2)(C) is at issue, we must first determine whether we have subject matter jurisdiction to consider the petition for review. Resendiz-Alcaraz v. U.S. Atty. Gen., 383 F.3d 1262, 1266 (11th Cir. 2004). Section 242(a)(2)(C) provides, in pertinent part:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [INA section 237(a)(2)(A)(iii) ]. . . ."

INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C) (as amended by the REAL ID Act § 106(a)).

INA § 237(a)(2)(A)(iii) refers to aliens convicted of an "aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii). Section 106(a)(1)(A)(iii) of the REAL ID Act amended § 1252 by adding § 1252(a)(2)(D), which provides that any limits on judicial review shall not be interpreted to preclude review of constitutional claims

4

or questions of law raised in a petition for review. <u>Chacon-Botero v. U.S. Atty. Gen.</u>, 427 F.3d 954, 957 (11th Cir. 2005). Because Petitioner is an aggravated felon, we do not have jurisdiction to review her final order of removal except to the extent that it raises a constitutional claim or question of law. <u>See</u> INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D) (as amended by the REAL ID Act § 106(a)).

## A.

Petitioner asserts that she raises a question of constitutional law as contemplated in § 1252(a)(2)(D), which this court has jurisdiction to review. She argues that the BIA violated her due process rights when it relied on the IJ's findings and engaged in a "knee jerk" analysis without citing the record or applying the law in the correct manner. Specifically, she contends that the BIA failed on remand to engage in any meaningful analysis about her qualification for deferral of removal under CAT.

We review constitutional challenges <u>de novo</u>. <u>Lonyem v. U.S. Att'y Gen.</u>, 352 F.3d 1338, 1341 (11th Cir. 2003). "Where a constitutional claim has no merit, however, [this Court does] not have jurisdiction." <u>Gonzalez-Oropeza v. U.S. Att'y General</u>, 321 F.3d 1331, 1333 (11th Cir. 2003). Upon review of the record and the parties' briefs, we discern no reversible error.

We lack jurisdiction to review Petitioner's purported constitutional claims because her arguments are virtually identical to the arguments we rejected for lack of jurisdiction in her initial appeal on the basis that they were not claims of constitutional magnitude.  The petition for review is dismissed in this regard.

B.

Petitioner asserts that she raises questions of law as contemplated in § 1252(a)(2)(D), which this court has jurisdiction to review.  Specifically, she takes issue with the BIA's statement that "[o]ur wording in the previous order was not as precise as it probably should have been - substituting 'conclusive evidence' for the standard of 'more likely than not' or what is often called 'preponderance of the evidence.'"  She contends that the BIA applied the wrong legal standard to her claim for CAT relief because more-likely-than-not is a higher and different standard than preponderance of the evidence.  As we concluded in <u>Raijmann</u>, the question of whether the BIA applied the proper burden of proof for CAT relief is a question of law and therefore reviewable.

To qualify for CAT relief, an alien must establish that it is more likely than not that she would be tortured if returned to the proposed country of removal.  8 C.F.R. § 208.16(c)(2); <u>Reyes-Sanchez v. U.S. Att'y Gen.</u>, 369 F.3d 1239, 1242 (11th Cir. 2004).  "An alien who: has been ordered removed; has been found under § 1208.16(c)(3) to be entitled to protection under the [CAT]; and is subject to the

6

provisions for mandatory denial of withholding of removal under § 1208.16(d)(2) or (d)(3), shall be granted deferral of removal to the country where he or she is more likely than not to be tortured."  8 C.F.R. § 1208.17(a).

Although we have never equated in the immigration context the more-likely-than-not standard with preponderance of the evidence, at least one other authority has stated that the two standards are identical.  The Third Circuit, in a withholding of removal case under CAT, stated that  "the more likely than not standard is equivalent to the clear probability standard . . . and both standards are equivalent to a preponderance of the evidence."  Gomez-Zuluaga v. U.S. Att'y Gen., 527 F.3d 330, 349 (3d Cir. 2008) (citing INS v. Stevic, 467 U.S. 407, 424 & n.19, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984)) (internal quotations omitted).  Further, in the securities fraud context, the Supreme Court has equated preponderance of the evidence with the more-likely-than-not standard.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. at __, __, 127 S.Ct. 2499, 2513, 168 L.Ed.2d 179 (2007) (noting that an appellee must "prove her case by a preponderance of the evidence . . . [s]tated otherwise, she must demonstrate that it is more likely than not . . .") (emphasis omitted); see also United States v. Fuentes 107 F.3d 1515, 1531 (11th Cir. 1997) (equating, in the criminal context, the preponderance of the evidence standard of review with the more-likely-than-not standard of review); Meeks v. Computer Associates Intern., 15 F.3d 1013, 1019 (11th Cir. 1994) (noting, in the

7

employer discrimination context, that the plaintiff must demonstrate by a preponderance of the evidence that the employer had a discriminatory intent. "In other words, the plaintiff must show that 'a discriminatory reason more likely than not motivated [the employer] to pay her less'").

The BIA specifically stated in its opinion on remand that it applied the more-likely-than-not standard of proof. Although later in its decision the BIA equated the more-likely-than-not standard with preponderance of the evidence, this was not error. Accordingly, we deny this part of the petition for review.

**PETITION DISMISSED IN PART, DENIED IN PART.**