[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 5, 2010
JOHN LEY
ACTING CLERK

No. 09-12950
Non-Argument Calendar

_____

Agency No. A027-634-996

IRAMAVESE OLUWATOSIN AJAYI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 5, 2010)

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Iramavese Oluwatosin Ajayi, a native and citizen of Nigeria, seeks review of

the Board of Immigration Appeals's ("BIA") order dismissing his appeal from the immigration judge's ("IJ") denial of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1231(b)(3), and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). We issued jurisdictional questions for the parties to address, including whether we have jurisdiction to hear Ajayi's petition because of his criminal convictions, see INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), and, if § 242(a)(2)(C) applies, whether any constitutional challenges or questions of law raised by Ajayi are reviewable. After careful review, we dismiss the petition in part and deny it in part.

Ajayi, a native and citizen of Nigeria, was admitted into the United States on or about July 6, 1986, as a non-immigrant visitor, and his status was later adjusted to that of a lawful permanent resident on November 5, 2002. On May 3, 2007, the Department of Homeland Security ("DHS") served Ajayi with a Notice to Appear ("Notice"), charging him with removability under INA § 237(a)(2)(A)(ii) and (iii), 8 U.S.C. § 1227(a)(2)(A)(ii) and (iii), because, after being admitted into the United States, he was convicted of (1) two crimes involving moral turpitude, (2) an aggravated felony relating to illicit trafficking of a controlled substance, and (3) an aggravated felony related to a theft offense in which a prison term of at least one

2

year was imposed. According to the Notice, Ajayi was convicted in Florida state court of grand theft, in violation of Fla. Stat. § 812.014, on October 20, 2004, and possession of cocaine with intent to sell, in violation of Fla. Stat. § 893.13, on July 19, 2006.

Ajayi subsequently filed an application for asylum, withholding of removal, and CAT relief, claiming that he feared persecution, torture, and possible death on account of his homosexuality. During his removal hearing, Ajayi testified that he knew he was homosexual his entire life, his family and friends were aware of his sexual orientation, and he was open about it; his sister testified that Ajayi had told her he was a homosexual, but she had never witnessed him engaging in a relationship with another man. After the hearing, the IJ denied Ajayi's applications for relief, concluding that his conviction for possession of cocaine with intent to sell was an aggravated felony, thereby making him statutorily ineligible for asylum. The IJ also determined that the conviction was for a "particularly serious crime," which renders him ineligible for withholding of removal. Finally, the IJ found that Ajayi did not satisfy his burden of proof for CAT relief.

The BIA adopted and affirmed the IJ's decision, finding that Ajayi was removable as charged and denying his application for protection from removal under CAT. More specifically, the BIA stated that it found no error in the IJ's determinations that (1) Ajayi's possession with intent to sell cocaine conviction

3

was an aggravated felony and a "particularly serious crime," limiting his eligibility for relief under CAT, and (2) Ajayi failed to establish eligibility for CAT relief because he did not provide sufficient corroboration of his claim, supported only by the vague testimony of Ajayi and his sister, that he was a homosexual. This appeal followed.

When examining a petition for review, we must initially consider whether we have subject matter jurisdiction to entertain the petition at all. Resendiz-Alcaraz v. U.S. Att'y Gen., 383 F.3d 1262, 1266 (11th Cir. 2004). We review questions of subject matter jurisdiction de novo. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

Under the INA, we lack jurisdiction to review the final removal order of an alien who is removable for having committed an "aggravated felony." See 8 U.S.C. § 1252(a)(2)(C); 8 U.S.C. § 1227(a)(2)(A)(iii). However, we do retain jurisdiction to determine the limited question of whether the petitioner is "(1) an alien (2) who is removable (3) because he committed a criminal offense enumerated in the statute." Resendiz-Alcaraz v. U.S. Att'y Gen., 383 F.3d 1262, 1266 (11th Cir. 2004) (internal quotations and citations omitted). Moreover, notwithstanding § 1252(a)(2)(C), we also have jurisdiction to review colorable constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D); Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1283-84 (11th Cir. 2007).

4

Ajayi was ordered removed because of his conviction for possession of cocaine with intent to sell, in violation of Fla. Stat. § 893.13. Thus, it is plain based on either of those grounds, that § 1252(a)(2)(C)'s bar to our review applies and we may determine only whether Ajayi is a removable alien because he committed a criminal offense enumerated in the INA. See Resendiz-Alcaraz, 383 F.3d at 1266. At Ajayi's removal hearing, it was established that he was an alien. Thus, we focus on Ajayi's argument that his drug conviction does not fit under the definition of an "aggravated felony" under the INA; we are unpersuaded.

An offense constitutes an "aggravated felony" for immigration purposes if it involves illicit trafficking of a controlled substance, including a "drug trafficking crime," as defined by 18 U.S.C. § 924(c). 8 U.S.C. § 1101(A)(43)(B). A "drug trafficking crime" is defined as any felony punishable under the Controlled Substances Act, 21 U.S.C. § 801, et seq. 18 U.S.C. § 924(c)(2). A state drug offense will constitute an aggravated felony, when the underlying conduct supporting the conviction would also be considered a felony under the Controlled Substance Act, rather than according to state law. Lopez v. Gonzales, 549 U.S. 47, 52-60 (2006). A drug offense is a felony under the Controlled Substances Act if it is punishable by a term of imprisonment of more than one year. 21 U.S.C. § 802(44); 18 U.S.C. § 3559(a). Additionally, pursuant to the CSA, it is unlawful for an individual to knowingly "possess with intent to manufacture, distribute, or

5

dispense, a controlled substance." 21 U.S.C. § 841(a)(1). Possession with intent to distribute an indeterminate amount of cocaine is punishable under the CSA by a maximum sentence of 20 years' imprisonment. Id. § 841(b)(1)(C). Moreover, the record indicates that the drug offense for which Ajayi was convicted was classified as a felony in Florida.

Contrary to Ajayi's argument, the foregoing provisions of the INA and Controlled Substances Act do not require a certain amount of cocaine to be involved in order for the crime to be classified as an aggravated felony. Moreover, a conviction under the Controlled Substance Act for Ajayi's conduct would constitute a felony, as possession with intent to distribute an indeterminate amount of cocaine carries a maximum sentence of 20 years' imprisonment. See 21 U.S.C. § 802(44); 21 U.S.C. § 841(b)(1)(C). In short, Ajayi's state conviction for possession of cocaine with intent to sell qualifies as a felony punishable under the CSA. Accordingly, the IJ's and the BIA's determination that Ajayi had a criminal conviction making him removable under the INA was not erroneous, and we lack jurisdiction to review his petition.

However, we do retain jurisdiction to consider constitutional claims or questions of law arising out of Ajayi's removal proceedings. See INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). Ajayi argues that the following issues raise substantial constitutional questions or questions of law that are reviewable:

6

(1) the IJ and the BIA committed legal error by applying an incorrect standard for corroboration under the REAL ID Act; (2) the BIA erred by not applying a rebuttable presumption of credibility on appeal where the IJ made no explicit adverse credibility determination; (3) the IJ and the BIA erred in finding that he had committed a "particularly serious crime" and, thus, was ineligible for withholding of removal; and (4) the IJ and the BIA violated his due process rights by requiring that he provide proof of his sexual orientation when such proof was ostensibly unavailable to him. We are unpersuaded by any of these claims.

To decide this jurisdictional question, we may examine a petitioner's claim to the extent necessary to determine whether it presents a colorable legal or constitutional issue. See Oguejiofor v. Att'y Gen., 277 F.3d 1305, 1308 (11th Cir. 2002) (holding that appellate jurisdiction was lacking over a petitioner's claims after determining that they lacked merit). Discretionary or factual determinations, however, remain insulated from judicial review, and a petitioner may not create jurisdiction by cloaking such issues in constitutional garb. Chacon-Botero v. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005). The alien applying for relief from removal bears the burden of establishing that he satisfies the applicable eligibility requirements. 8 U.S.C. § 1229a(c)(4)(A).

First, Ajayi does not raise a colorable legal or constitutional issue with respect to his claim that the IJ and the BIA erred by applying an incorrect standard

7

for corroboration under the REAL ID Act, thus we do not have jurisdiction to review that claim. Under the REAL ID Act of 2005, which applies to all applications for asylum and withholding of removal filed after May 11, 2005, an IJ must determine whether an applicant's "testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant has satisfied the applicant's burden of proof." Id. § 1229a(c)(4)(B). Although uncorroborated but credible testimony may be sufficient to satisfy the alien's burden of proof in establishing eligibility for relief from removal, the weaker an applicant's testimony, "the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). Thus, even where an applicant or witness proffers credible testimony, an IJ may still demand corroborative evidence, and such evidence must be provided "unless the applicant demonstrates that [he] does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1229a(c)(4)(B).

Contrary to Ajayi's suggestion, the IJ and the BIA's demand for corroboration does not involve a colorable question of law over which this Court retains jurisdiction; instead, the record indicates that, in accordance with the REAL ID Act, the IJ and BIA demanded corroborative evidence after determining that Ajayi failed to demonstrate convincingly that such evidence was unavailable. 8 U.S.C. § 1229a(c)(4)(B). The IJ and the BIA had the discretionary power to

8

request and require such information. Moreover, Ajayi's claim merely challenges the IJ and the BIA's factual determination regarding the availability of corroboration and, thus, lies beyond the purview of this Court's jurisdiction. See Chacon-Botero, 427 F.3d at 957 (noting that both factual and discretionary determinations remain outside of appellate jurisdiction).

Second, Ajayi's argument that the BIA erred by not applying a rebuttable presumption of credibility on appeal where the IJ made no explicit adverse credibility determination does not present a colorable question of law. In the absence of an explicit adverse credibility determination, an applicant or witness is entitled to "a rebuttable presumption of credibility on appeal." Id. § 1229a(c)(4)(C). The BIA did not make an adverse credibility determination or question the veracity of his testimony regarding his homosexuality, but rather, it agreed with the IJ's determination that, absent corroborative evidence, Ajayi's otherwise credible testimony failed to establish eligibility for relief from removal. Although Ajayi is correct in noting that the BIA was required to employ a rebuttable presumption of credibility, he appears to ignore the fact that credible testimony, in and of itself, is not necessarily sufficient to establish eligibility for relief from removal. See Yang, 418 F.3d at 1201. Because Ajayi does not present a colorable question of law, we lack jurisdiction to consider the matter.

Third, Ajayi's claim that the IJ and the BIA erred in finding that he had

9

committed a "particularly serious crime" and, thus, was ineligible for withholding of removal does not present a colorable question of law. An alien convicted of a "particularly serious crime" is statutorily ineligible for withholding of removal under either the INA or CAT. 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). Ajayi does not contend that the IJ applied an incorrect legal standard for "particularly serious crimes." Instead, he effectively argues that the agency misapplied the law by selectively ignoring evidence and making findings of fact not supported by the record. In essence, Ajayi seeks review of the agency's discretionary and factual determination that his drug trafficking offense qualified as a particularly serious crime, rendering him statutorily ineligible for withholding of removal. See 8 U.S.C. § 1231(b)(3)(B); 8 C.F.R. § 1208.16(d)(3). As such, he does not raise a colorable question of law over which this Court retains jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D).

Finally, Ajayi contends for the first time on appeal that the IJ violated his due process rights by failing to act as an impartial arbiter. Under 8 U.S.C. § 1252(d)(1), however, final orders of removal are reviewable only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). We have held that the exhaustion requirement is jurisdictional and precludes review of any claim that a petitioner failed to raise before the BIA. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006).

10

Because Ajayi did not raise the particular due process claim before the BIA, we lack jurisdiction to consider the matter on appeal.

Because Ajayi was a convicted of an aggravated felony within the meaning of the INA, we deny his petition for review to the extent that it challenges the BIA's aggravated felon determination. As for Ajayi's remaining claims, we lack jurisdiction to consider their merits, in as much as Ajayi has either failed to raise them before the BIA or because they do not raise colorable questions of law or constitutional issues.

**DENIED IN PART AND DISMISSED IN PART.**