[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 15, 2010
JOHN LEY
CLERK

No. 10-10827
Non-Argument Calendar

_____

Agency No. A070-904-503

TERRY ADEDIRAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 15, 2010)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Terry Adediran, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying her applications for asylum and cancellation of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158, 1229b(b)(1). On appeal, Adediran argues that: (1) the IJ erred in denying her application for cancellation of removal based on an adverse credibility determination, and because the IJ failed to follow the correct legal standard as articulated in Matter of Recinas, 23 I&N Dec. 467 (BIA 2002); and (2) the BIA erred in making an adverse credibility determination to deny her application for asylum because the IJ failed to consider testimony she gave at a prior merits hearing, and the BIA failed to acknowledge that she "cleared up" the inconsistencies cited by the IJ. After thorough review, we deny the petition in part, and dismiss it in part.

We review the BIA's decision only, except to the extent that it expressly adopts the IJ's opinion or reasoning. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review subject matter jurisdiction de novo. Resendiz-Alcaraz v. U.S. Att'y Gen., 383 F.3d 1262, 1266 (11th Cir. 2004). The BIA's factual determinations, including credibility determinations, are reviewed under the substantial evidence test, and we "must affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Ruiz v. U.S. Att'y Gen.,

2

440 F.3d 1247, 1254-55 (11th Cir. 2006) (quotation omitted). A "finding of fact will be reversed only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Id. at 1255 (quotation omitted).

First, we reject Adediran's claim that the IJ erred in denying her application for cancellation of removal. The Attorney General may cancel the removal of a nonpermanent resident who establishes, in part, that removal would cause "exceptional and extremely unusual hardship to the alien's . . . child, who is a citizen of the United States." 8 U.S.C. § 1229b(b)(1)(D). However, the INA provides that no court has jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229b . . . of this title." 8 U.S.C. § 1252(a)(2)(B)(i). Nevertheless, we retain jurisdiction to consider constitutional claims or legal questions related to cancellation of removal. 8 U.S.C. § 1252(a)(2)(D); Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221-22 (11th Cir. 2006). But "[n]otwithstanding Congress's enactment of § 1252(a)(2)(D), we continue to lack jurisdiction over the BIA's purely discretionary decision that a petitioner did not meet § 1229b(b)(1)(D)'s 'exceptional and extremely unusual hardship' standard." Martinez, 446 F.3d at 1222-23. When examining a petition for review, we "must first consider whether we have subject matter jurisdiction to hear the petition at all." Resendiz-Alcaraz, 383 F.3d at 1266.

3

Contrary to Adediran's argument on appeal, the BIA did not deny her application for cancellation of removal based on an adverse credibility determination. Rather, it concluded that Adediran failed to demonstrate that her children would face "exceptional and extremely unusual hardship." We therefore lack jurisdiction to review the BIA's purely discretionary decision that Adediran did not meet § 1229b(b)(1)(D)'s "exceptional and extremely unusual hardship" standard, despite being the sole financial support for her children.

We do have jurisdiction to review whether the IJ followed the correct legal standard in assessing her application for cancellation for removal. However, this argument is without merit because the IJ, in its decision, specifically applied Recinas to the facts in support of its conclusion, and the BIA affirmed that decision. Accordingly, we dismiss the petition in part as it relates to cancellation of removal, and deny the petition in part.

We also are unpersuaded by Adediran's argument that the BIA erred in making an adverse credibility determination to deny her application for asylum. "To establish asylum eligibility based on [religion] . . . the alien must, with credible evidence, establish (1) past persecution on account of her [religion] . . . , or (2) a 'well-founded fear' that her [religion] . . . will cause future persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230-31 (11th Cir. 2005) (quoting 8 C.F.R. § 208.13(a), (b)).

4

The applicant bears the burden of proof in establishing her eligibility for asylum. Id. at 1230. The applicant may satisfy her burden solely through testimony that is "credible, direct, and specific," without the need for corroboration. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." Id. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the [BIA]'s credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Id.

We may not review a final order of removal unless "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). If an alien has failed to exhaust her administrative remedies, we lack jurisdiction to consider the claim. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

As an initial matter, Adediran failed to argue to the BIA that the IJ erred by not reviewing testimony she gave at a prior merits hearing when making its adverse credibility determination. Therefore, she failed to exhaust her administrative remedies and we lack jurisdiction to review this claim.

Moreover, the BIA's adverse credibility determination is supported by specific, cogent reasons. In particular, the BIA noted that (1) Adediran testified that one of her

brothers was killed by Muslims, but only mentioned in her asylum application that her brothers were "feared dead"; (2) Adediran failed to disclose on her application that she was stabbed in the neck, the worst harm she ever experienced in Nigeria; and (3) Adediran testified that a meeting of Christians was broken up by Muslims shooting guns, but later disavowed that claim by admitting that she saw no guns and heard no gunshots. The BIA specifically acknowledged Adediran's explanations for these inconsistencies, which consisted of either not knowing or not remembering any details. These explanations do not "clear up" any of the inconsistencies cited by the BIA. Therefore, the record does not compel reversal of the BIA's adverse credibility determination.

But even if the BIA erred, Adediran did not challenge the BIA's alternative finding that, even if credible, she failed to demonstrate that she suffered past persecution or that she has a well-founded fear of future persecution. Therefore, she has abandoned any claim of error as to the BIA's alternative, dispositive holding denying her application for asylum. See Sepulveda, 401 F.3d at 1228 n.2 (issues not raised on appeal are abandoned). Accordingly, we deny the petition for review with respect to this issue.

**PETITION DISMISSED IN PART, DENIED IN PART.**