[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13467
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2011
JOHN LEY
CLERK

Agency No. A095-732-688


YI-JEN CHEN,
a.k.a. Daniel Chen,

                                                              Petitioner,


versus


U.S. ATTORNEY GENERAL,

                                                              Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 3, 2011)

Before WILSON, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Yi-Jen Chen petitions for review of the BIA's denial of his motions to

reconsider and to reopen his removal proceedings under the Immigration and Nationality Act ("INA") § 240(c)(6), (7), 8 U.S.C. § 1229a(c)(6), (7).

## I.    Jurisdiction

First, Chen argues that this Court has jurisdiction to review his petition because his convictions for crimes involving moral turpitude were vacated on the basis of legal defects in the underlying proceedings.

We review our own subject matter jurisdiction *de novo*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We generally lack jurisdiction to review a final order of removal for an alien who was found to be inadmissible on account of a conviction for a crime involving moral turpitude. *See* INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C); INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I). Nevertheless, we retain jurisdiction to address the threshold issues of whether the petitioner is (1) an alien, (2) who is removable, (3) on account of having committed a crime of moral turpitude. *Keungne v. U.S. Att'y Gen.*, 561 F.3d 1281, 1283 (11th Cir. 2009).

A conviction vacated pursuant to a state rehabilitative measure still counts as a "conviction" for purposes of removability. *Resendiz-Alcaraz v. Ashcroft*, 383 F.3d 1262, 1266-69 (11th Cir. 2004). "If, on the other hand, vacatur occurs because there was a legal defect in the underlying proceeding (i.e., a violation of a

constitutional or statutory right), then there is no longer a conviction for purposes of the INA." *Alim v. Gonzales*, 446 F.3d 1239, 1249-50 (11th Cir. 2006).

The state court order granting Chen's motion to withdraw his pleas and vacating Chen's convictions did not comment as to why the court issued the order. However, Chen's motion to withdraw his pleas made reference to his motion for post-conviction relief, and in his motion for post-conviction relief, Chen alleged that his pleas were invalid because, *inter alia*, (1) his *Miranda*[1] rights were not read to him in his native language, (2) his counsel failed to move for a suppression of his confession, and (3) his waiver of rights at his plea was not knowing, intelligent, and voluntary. Because Chen's motion to withdraw his pleas referenced his motion for post-conviction relief, and his motion for post-conviction relief alleged legal defects in the proceedings underlying his convictions, we can determine that Chen's convictions were vacated on the basis of the alleged defects. Thus, Chen no longer has convictions for crimes involving moral turpitude. Accordingly, we find that we have jurisdiction to review the BIA's denial of Chen's motions to reconsider and to reopen.

## II. Denial of Motions to Reconsider and to Reopen

Chen argues that the BIA abused its discretion in denying his motions to

---

[1]*Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

reconsider and to reopen because the evidence showed that his convictions were vacated on the basis of legal defects and not for rehabilitative purposes.

We review the BIA's denial of motions to reopen and to reconsider for an abuse of discretion. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007) (motion to reconsider); *Mohamed Ali Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (motion to reopen). Our review "is limited to determining 'whether there has been an exercise of administrative discretion and whether the [manner] of exercise has been arbitrary and capricious.'" *Mohamed Ali Abdi*, 430 F.3d at 1149 (citation omitted).

An alien is permitted to file one motion to reconsider and one motion to reopen. 8 U.S.C. § 1229a(c)(6)(A), 7(A). A motion to reconsider must "specify the errors of law or fact in the previous order and shall be supported by pertinent authority." *Id.* § 1229a(c)(6)(C). A motion to reconsider that merely restates the arguments that the BIA previously rejected provides no reason for the BIA to change its prior decision. *Calle*, 504 F.3d at 1329. A motion to reconsider will be denied if it is based on legal arguments that could have been made in an earlier proceeding. *In re O-S-G*, 24 I&N Dec. 56, 58 (BIA 2006). In addition, "[a] motion to reconsider contests the correctness of the original decision based on the previous factual record, as opposed to a motion to reopen, which seeks a new

4

hearing based on new or previously unavailable evidence." *Id.* at 57-58.

A motion to reopen must "state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). This regulation is "framed negatively" and "does not affirmatively require the Board to reopen the proceedings under any particular condition." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1301 (11th Cir. 2001) (quotation and citation omitted). With a motion to reopen, the movant carries the burden. *See Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006) (stating that movant's burden is a heavy one).

The BIA did not abuse its discretion in denying Chen's motion to reconsider. Chen failed to show, as he must in a motion to reconsider, that the BIA made any specific error of law or fact based on the record before it in the initial appeal.

In his motion to reopen, Chen presented additional evidence that his convictions were vacated on the basis of legal defects and not for rehabilitative purposes. However, the BIA did not abuse its discretion in denying Chen's

motion to reopen because Chen failed to show that the evidence was not available and could not have been discovered or presented at the initial appeal.

Upon review of the record and the parties' briefs, we deny Chen's petition for review.

**PETITION DENIED.**[2]

---

[2]      Chen's request for oral argument is denied.